## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES MARKEL, )
)
      Plaintiff, )
)
      v. ) Civil Case No. 22-1389 (RJL)
)
HUNG CAO, *in his Official Capacity as* )
*Acting Secretary of the Navy, et al.,*[1] )
)
      Defendants. )
)

## <u>MEMORANDUM OPINION</u>
August 7th, 2026 [Dkt. #34]

Plaintiff James Markel, a retired Naval officer, is seeking to recover attorneys' fees

accrued during litigation in which he sought to amend his military records. After the Board

for Correction of Naval Records ("BCNR") denied plaintiff's request to amend his military

records to reflect a medical retirement, plaintiff challenged the decision in federal court.

On January 27, 2025, this Court vacated the BCNR's decision and remanded the case.

Plaintiff now requests attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"),

28 U.S.C. § 2412. For the reasons that follow, I will **GRANT** plaintiff's motion.

---

[1] The Court takes judicial notice of the fact that Hung Cao was named Acting Secretary of the Navy on April 22, 2026. He is therefore automatically substituted for former Secretary of the Navy Carlos Del Toro as the defendant in this case. *See* Fed. R. Civ. P. 25(d).

1

## BACKGROUND

### I.    Factual Background

My previous opinion in this case describes the background of this case in detail. *See Markel v. Del Toro*, 2025 WL 304875, at *1–3 (D.D.C. Jan. 27, 2025). I provide a brief overview here.

Plaintiff James Markel ("plaintiff") served in the Navy for over five years. Admin. R. ("A.R.") [Dkt. #29] 437. While on deployment, plaintiff began experiencing anxiety, difficulty breathing, rapid heartbeat, difficulty sleeping, and thoughts of running the ship aground and fighting his shipmates. A.R. 97–98. He was evacuated to a naval hospital in Spain, where he was diagnosed with Bipolar I Disorder. A.R. 83–84. He was then flown back to the United States for treatment. A.R. 97.

Plaintiff was determined to be "not psychiatrically fit for full duty" and placed on administrative duty. A.R. 95–96. The Navy ultimately changed his diagnosis from Bipolar Disorder to Major Depressive Disorder. A.R. 97–100. Plaintiff was subsequently found "**FIT** to perform the duties of his[] office, grade, or rank on active duty," A.R. 436–38, but later was disqualified from submarine duty, nuclear field duty, sea duty, and deployment, A.R. 110–13, 312–14. After performing admirably in his administrative role, A.R. 119–21, plaintiff was honorably discharged in March 2009 *without* medical retirement, A.R. 316–17.

### II.    Procedural Background

In 2015, Markel petitioned the BCNR to correct his records to reflect a medical retirement. A.R. 283–86. The BCNR denied Markel's application, A.R. 273–74, and

2

plaintiff then filed this lawsuit, *see* Compl. [Dkt. #1]. On September 26, 2022, I granted a voluntary remand to the BCNR to reconsider its decision. *See* Order on Mot. to Remand [Dkt. #13]. On remand, the BCNR again denied plaintiff's application. A.R. 1–11.

Again, plaintiff sought judicial review. *See* Am. Compl. [Dkt. #17]. In his amended complaint, plaintiff asserted three grounds for relief: *first*, that the BNCR failed to evaluate all relevant criteria when determining plaintiff's ability to perform the duties of his rank, *id.* ¶¶ 66–70; *second*, that the BNCR improperly concluded that it did not need to determine plaintiff's fitness or identify the relevant duties plaintiff's rank, *id.* ¶¶ 71–73; and *third*, that the BCNR's decision was unsupported by substantial evidence, *id.* ¶¶ 74–76.

On January 27, 2025, I granted in part and denied in part the parties' cross-motions for summary judgment. *Markel*, 2025 WL 304875, at *1; *see also* Order Granting in Part and Denying in Part Parties' Mots. For Summ. J. ("Order") [Dkt. #32]. While I found that the BCNR adequately identified a list of duties associated with plaintiff's rank, I concluded that the BCNR "failed to adequately grapple with evidence of plaintiff's inability to perform his common military tasks associated with service at sea" when it concluded that plaintiff, in fact, *could* perform those tasks. *Id.* at *6. As such, I concluded that the BCNR's decision was both arbitrary and capricious and unsupported by substantial evidence, and I remanded the case to the BCNR to reconsider plaintiff's application. *Id.* at *7.

On March 28, 2025, plaintiff filed the instant motion for attorneys' fees. *See* Mem. in Supp. of Pl.'s Mot. for Att'y's Fees ("Mot.") [Dkt. #34-2]. Plaintiff requests an award in the amount of $90,000. *Id.* at 1. Plaintiff is represented by Covington & Burling LLP, and plaintiff's motion represents that "[t]o the extent allowable by law, any fee award for

3

Covington & Burling LLP's work will be donated to the National Veterans Legal Services Program." *Id.* at 2 n.1. On May 12, 2025, defendants filed a response in opposition, *see* Def.'s Mem. in Opp'n to Pl.'s Mot. for Att'y's Fees ("Opp'n") [Dkt. #37], and plaintiff filed a reply on June 9, 2025, *see* Pl.'s Reply in Supp. of Mot. for Att'y's Fees ("Reply") [Dkt. #38]. The motion is now ripe for decision.

## LEGAL STANDARD

The EAJA provide that:

a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, to obtain attorneys' fees under the EAJA, a plaintiff must show: (1) that he was a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) that he otherwise satisfies the EAJA's threshold eligibility requirements. *Ctr. for Food Safety v. Burwell*, 126 F. Supp. 3d 114, 119 (D.D.C. 2015) (citation omitted). Finally, plaintiff must demonstrate that his fee request is "reasonable." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 968 (D.C. Cir. 2004) (quoting 28 U.S.C. § 2412(d)(2)(A))..

## ANALYSIS

There is no dispute that plaintiff satisfies the threshold eligibility requirements for a fee award and that there are no special circumstances rendering an award unjust. *See* Opp'n at 5. Defendants contend, however, that (1) plaintiff is not a prevailing party, (2)

defendants' position was substantially justified, and (3) plaintiff's fee request is unreasonable. *Id.* at 4. I disagree and conclude that plaintiff is entitled to attorneys' fees.

## I. Prevailing Party Status

"In determining whether a fee applicant is a 'prevailing party,' this Court applies the following three-part test: '(1) there must be a court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief.'" *Initiative & Referendum Inst. v. U.S. Postal Serv.*, 794 F.3d 21, 23–24 (D.C. Cir. 2015) (quoting *Turner v. Nat'l Transp. Safety Bd.*, 608 F.3d 12, 15 (D.C. Cir. 2010)). Plaintiff satisfies each element.

*First*, my prior order materially altered the legal relationship between the parties. When reviewing agency action, a court alters the "legal relationship of the parties" by "vacating [a] challenged order and placing the agency under an obligation to consider [plaintiff's application] afresh and supply new or better reasons should it decide to deny the [application] again." *SecurityPoint Holdings, Inc. v. TSA*, 836 F.3d 32, 38 (D.C. Cir. 2016) (quoting *Initiative & Referendum Inst.*, 794 F.3d at 23). My prior order did exactly that. It invalidated the BNCR's determination and remanded the case to the BNCR to reevaluate plaintiff's application, *see* Order at 1–2, thus "changing the legal relationship between the parties." *Gentry v. Roche*, 2005 WL 3274065, at *1 (D.D.C. Aug. 31, 2005) (finding that order vacating and remanding decision by military records board "chang[ed] the legal relationship between the parties").

*Second*, the judgment was in plaintiff's favor. Unsurprisingly, defendants do not dispute this element. My prior order granting summary judgment on two of plaintiff's

5

claims and remanding to the agency was, without question, a "judgment . . . in favor of the party seeking the fees." *Initiative & Referendum Inst.*, 794 F.3d at 23–24. Plaintiff's loss on one of his claims does not alter this conclusion. *See Jacobs v. Schiffer*, 204 F.3d 259, 263 (D.C. Cir. 2000) ("It is well established that a party 'prevails' under EAJA's first inquiry even if success is only partial." (citation omitted)).

 *Third*, my prior order was accompanied by judicial relief. "A party who seeks and obtains a judicial order vacating an agency order" receives judicial relief and is therefore "a prevailing party." *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 901 F. Supp. 2d 1, 11 (D.D.C. 2012). This is true "without regard to the outcome on remand." *SecurityPoint Holdings*, 836 F.3d at 38. By voiding the BNCR's final decision denying plaintiff's application and remanding for reconsideration, the prior order here was not a "mere legal declaration." *Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 493 (D.C. Cir. 2003). Rather, the order provided "concrete relief" to plaintiff, *id.*, who may present his case anew to the BNCR.

 Defendants resist on two grounds, but neither argument works. Defendants first argue that this Court "may have intended to retain jurisdiction" over the case after remand. Opp'n at 4; *see SecurityPoint Holdings*, 836 F.3d at 38 ("When a court retains jurisdiction, the civil action remains ongoing, and any fee motion must await final judgment."). My order, however, could not have been clearer: I "REMANDED" the case "back to the [BCNR] for proceedings consistent with the accompanying Opinion" and ordered that the "above-captioned case [be] DISMISSED." Order at 1–2. Moreover, I did not set a deadline for the BCNR to reconsider plaintiff's request or order any subsequent status report to be

6

filed with the court. Such circumstances have been held to "suggest that the Court did, in fact, retain jurisdiction," *Blanco v. Wormuth*, 2024 WL 3967255, at *3 (D.D.C. Aug. 27, 2024) (citing *United Food & Com. Workers Union v. U.S. Dep't of Agric.*, 2022 WL 278449, at *2 (D.D.C. Jan. 31, 2022)), but no similar indicators are present here.[2]

Defendant also points to the Supreme Court's recent decision in *Lackey v. Stinnie*, which held that "prevailing party" status requires "*enduring* judicial relief on the merits." 604 U.S. 192, 202–04 (2025). But *Lackey* addressed the narrow question of "whether the term 'prevailing party' . . . encompasses a party who is awarded a *preliminary injunction*" if the case becomes moot before a final judgment. *Id.* at 199 (emphasis added). Fee requests in preliminary-injunction cases are often "sui generis." *SecurityPoint Holdings*, 836 F.3d at 39. Indeed, *Lackey* reasoned that preliminary injunctions "do not confer prevailing party status" because such orders "do not conclusively resolve the rights of parties on the merits." *Lackey*, 604 U.S. at 201. Here, my summary-judgment order was a determination *on the merits* that "terminated the litigation in [plaintiff's] favor." *SecurityPoint Holdings*, 836 F.3d at 39. As such, *Lackey* is inapplicable.

## II.  Substantial Justification For Defendants' Position

Plaintiff may not obtain attorneys' fees if "the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). "[A] position is substantially justified

---

[2] That Markel was unsatisfied with the BCNR's eventual decision on remand and filed a separate petition for review challenging that decision, *see Markel v. Phelan*, No. 26-cv-97 (D.D.C.), does not undermine plaintiff's request for fees here. Indeed, the same procedural posture was present in *SecurityPoint Holdings* but did not alter the analysis. *See* 836 F.3d at 38 (when court remands to agency without retaining jurisdiction "the case is terminated and the petitioner becomes a prevailing party without regard to the outcome on remand (*which can be challenged by way of a new petition, as happened here*)" (emphasis added)).

'if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Role Models Am.*, 353 F.3d at 242 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The Government "must demonstrate the reasonableness not only of its litigation position, but also of the *agency's* actions." *Id.* (emphasis in original). While distinct from the merits inquiry, "the court's merits reasoning may be quite relevant to the resolution of the substantial justification question." *F.J. Vollmer Co. v. Magaw*, 102 F.3d 591, 595 (D.C. Cir. 1996). For example, "where an agency's decision was overturned as unsupported by substantial evidence, the agency's position was not substantially justified because it 'lacked a reasonable factual basis.'" *Id.*

The BNCR's decision denying plaintiff's application—and defendants' subsequent defense of that decision in this Court—was not substantially justified. Despite recognizing that plaintiff had not been "medically cleared to return to sea duty," A.R. 3, the BNCR concluded that plaintiff was still capable of learning and performing a "wide variety of technical tasks associated with service *onboard service ships*." A.R. 7 (emphasis added). Given this "perplexing" contradiction in the BNCR's reasoning, *Markel*, 2025 WL 304875, at *5, I concluded that the BNCR's decision was "not rationally connected to the facts" and "unsupported by substantial evidence," *id.* at *6. Because the BNCR's conclusion "wholly lacked a reasonable factual basis," *Cooper v. U.S. R.R. Ret. Bd.*, 24 F.3d 1414, 1417 (D.C. Cir. 1994) (emphasis omitted), its position was not substantially justified.

### III. Reasonableness of Plaintiff's Fee Request

Finally, plaintiff must show that the requested award is reasonable. *Role Models Am.*, 353 F.3d at 968. The "usual method of calculating reasonable attorney's fees" is by

multiplying the hours reasonably expended by a reasonable hourly fee. *Bd. of Trs. of Hotel and Rest. Emps. v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998). "The touchstone for attorney's fees is reasonableness, so the Court must 'exclude hours that are excessive, redundant, or otherwise unnecessary.'" *Louise Trauma Ctr. LLC v. U.S. Dep't of Homeland Sec.*, 2023 WL 3478479, at *6 (D.D.C. May 16, 2023) (citation omitted). However, I have broad discretion in determining the reasonableness of fees and need not engage in "nitpicking" of plaintiff's filings. *Am. Immigr. Council v. U.S. Dep't of Homeland Sec.*, 82 F. Supp. 3d 396, 411 (D.D.C. 2015) (citation omitted).

The parties agree on a reasonable hourly rate, *see* Opp'n at 10–11, but disagree on the reasonableness of the hours expended. Plaintiff filed two documents with nearly 500 billing entries detailing almost 600 hours of labor. *See* Mot. for Att'y's Fees, Ex. A [Dkt. #34-4]; Mot. for Att'y's Fees, Ex. B [Dkt. #34-5]. However, plaintiff voluntarily reduce the fee request by 223 hours (37.7%) to 368 hours. *See* Reply at 12. Defendants respond by arguing that this case was too simple to require 600 hours of labor and seven attorneys, that plaintiff's lack of success on all of his claims should result in a reduced award, that plaintiff's billing entries are vague, and that plaintiff bills for certain non-compensable administrative tasks. *See* Opp'n at 11–16.

I find plaintiff's fee request to be reasonable, especially given the voluntary reduction in the overall requested award. The fee request provides "contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.* ("*CREW*"), 825 F. Supp. 2d 226, 230 (D.D.C. 2011) (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of*

*Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).  Moreover, their efforts appear reasonable. And while plaintiff did not win on every claim, success on every claim is not required for a fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.").

To the extent plaintiff's attorneys expended more hours than was reasonable or billed for some administrative tasks, plaintiff's voluntary reduction of 37.7% allays any concerns. *See, e.g.*, *CREW*, 825 F. Supp. 2d at 230–31 (fee request reduced by 37.5% to account for vague billing entries).  Plaintiff's requested award is reasonable.

### CONCLUSION

For the foregoing reasons, I will GRANT plaintiff's motion for attorneys' fees under the EAJA.  A separate order will accompany this opinion.

RICHARD J. LEON
United States District Judge